## UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Appellee/Respondent, | : | Case No. 17-703 |
| | : | |
| v. | : | DEATH PENALTY CASE |
| | : | |
| EDWARD LEON FIELDS, JR., | : | (E.D. Okla. Case No. 6:10-cv-00115-RAW) |
| | : | |
| Appellant/Petitioner. | : | |
| | : | |

## UNOPPOSED MOTION TO FILE REPLY IN SUPPORT OF MOTION FOR CERTIFICATE OF APPEALABILITY

Pursuant to 10th Cir. R. 5.1, Petitioner Edward Leon Fields, Jr. moves for leave to file a reply brief in support of his motion for a Certificate of Appealability ("COA").  This request, unopposed by the Government, is based on the need to address several arguments in the Government's Response in Opposition to Motion for Certificate of Appealability regarding Claim 1: (1) the Government's characterization of one of the bases of counsel's ineffective assistance; (2) the Government's selective culling of the record below, which was not subject to an evidentiary hearing; and (3) the Government's assertion that Petitioner is raising a new argument on appeal.

Wherefore, Petitioner asks for leave to file a reply brief in support of his motion for COA. Per 10th Cir. R. 5.1, Petitioner's proposed reply is attached as Exhibit A.

Respectfully Submitted,

/s/ Hunter Labovitz
Hunter Labovitz (PA 204760)
Federal Community Defender Office
   for the Eastern District of Pennsylvania
601 Walnut St., Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Dated: December 11, 2017     Hunter_Labovitz@fd.org

# EXHIBIT A

**UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Appellee/Respondent, | : | Case No. 17-703 |
| | : | |
| v. | : | DEATH PENALTY CASE |
| | : | |
| EDWARD LEON FIELDS, JR., | : | (E.D. Okla. Case No. 6:10-cv-00115-RAW) |
| | : | |
| Appellant/Petitioner. | : | |
| | : | |

**REPLY IN SUPPORT OF MOTION FOR
CERTIFICATE OF APPEALABILITY**

Petitioner Edward Leon Fields, Jr., through undersigned counsel, replies to the Government's Response in Opposition to Motion for Certificate of Appealability ("COA").  Doc. 01019910960.  This reply addresses several claims made by the Government in its Response.

First, the Government mischaracterizes one of Petitioner's arguments within Claim 1: the Government states "Fields argues his attorneys should have presented neuroimaging evidence."  Doc. 01019910960 at 6.  However, Petitioner's argument is that his trial attorneys should have presented *neuropsychological testing*, which showed Petitioner suffered from frontal lobe brain dysfunction.  *See,*

1

*e.g.*, Doc. 01019826751 at 509-14 (§ 2255[1] Doc. 119 at 7-12); Doc. 01019879938 at 8-10 (Petitioner's Motion for a Certificate of Appealability). As Petitioner explained in his COA motion, neuropsychological testing is distinct from, and more probative than, neuroimaging for mitigation purposes. *See, e.g.*, Doc. 01019879938 at 26 (citing *Jefferson v. Upton*, 560 U.S. 284, 285-86 (2010) and *United States v. Barrett*, 797 F.3d 1207, 1231 (10th Cir. 2015)).

Second, the Government – like the district court – continues to cherry-pick evidence in the record while ignoring factual disputes that entitle Petitioner to a COA and evidentiary hearing. *See* Doc. 010019910960 at 7-8 (claiming trial counsel's "rejection of Gelbort was tactical" based on email communications that *predate* trial counsel's contract for Dr. Gelbort's testimony). While trial counsel admittedly expressed frustration with neuropsychologist Dr. Gelbort, she ultimately decided to present his testimony. *See, e.g.*, Doc. 01019879938 at 27. Moreover, at a minimum, there is a clear factual dispute as to why trial counsel did not present available evidence of Petitioner's brain dysfunction, including through testifying experts Dr. Woods and/or Dr. Grinage. *Cf.* Fed. R. Evid. 703. Thus COA is warranted because no reasonable jurist would find, taking everything Petitioner has alleged as true, that the record conclusively shows that Petitioner is not entitled to relief.

---

[1] 28 U.S.C. § 2255.

Third, the Government characterizes Petitioner's explanation of MRI science as a "novel digression" and a factual argument that Petitioner could have raised in the lower court, but did not. *See* Doc. 01019910960 at 12 and n.1. However, because neither the Government nor its experts ever asserted that an MRI can be (or is) dispositive of whether someone has brain damage, the lower court's assertion that a purportedly "normal" MRI *excluded* any possible brain dysfunction was not previously at issue. *See* Doc. 01019826751 at 574, 580, 582 (§ 2255 Doc. 125 at 9, 15, 17). Thus, the COA motion was Petitioner's first chance to explain why scientific authorities and case law refute the district court's erroneous assertion, which was central to its dismissal of the claim.

It would be unprecedented for the Court to deny a capital appellant any opportunity for appellate review of his post-conviction claims, particularly where claims of trial counsel's ineffectiveness, which could only have been raised for the first time in § 2255 proceedings and which contained numerous factual disputes, were not afforded an evidentiary hearing before being dismissed by the lower court. *See, e.g.*, *Littlejohn v. Trammell*, 704 F.3d 817, 822 (10th Cir. 2013)[2];

---

[2] The Government cites *Littlejohn v. Royal*, 875 F.3d 548 (10th Cir. 2017), a case decided after Petitioner submitted his Motion for COA, in support of the denial of relief on Claim 1, *see* Doc. 01019910960 at 7, but ignores that this Court previously granted Mr. Littlejohn a COA and remanded for an evidentiary hearing. *Littlejohn v. Trammell*, 704 F.3d at 822. This Court should afford Petitioner the same due process.

3

*Barrett*, 797 F.3d at 1211.  Without a COA, no arbiter besides the trial judge

himself will have reviewed Petitioner's constitutional claims that could only be

raised under § 2255.

Respectfully Submitted,

 /s/ Hunter Labovitz
Hunter Labovitz (PA 204760)
Federal Community Defender Office
   for the Eastern District of Pennsylvania
601 Walnut St., Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Hunter_Labovitz@fd.org

Dated: December 11, 2017

4

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I, Hunter Labovitz, hereby certify that on this 11th day of December, 2017, I electronically transmitted the foregoing document to the Clerk of Court using the Court's electronic case filing system. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Christopher J. Wilson, Attorney for Respondent

Jeffrey B. Kahan, Attorney for Respondent

/s/ Hunter Labovitz

Hunter Labovitz

## CERTIFICATE OF COMPLIANCE

I, Hunter Labovitz, hereby certify on this 11th day of December, 2017, that the foregoing Unopposed Motion to File Reply in Support of Motion for Certificate of Appealability has been scanned for viruses using Symantec Endpoint Protection and is free from viruses; all required privacy redactions have been made per 10th Cir. R. 25.5; and the text of the electronic submission is an exact copy of the paper copy.

/s/ Hunter Labovitz
Hunter Labovitz