**UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

---

**UNITED STATES OF AMERICA**,

    Plaintiff – Appellee,

  v.

**EDWARD LEON FIELDS, JR.,**

    Defendant – Appellant.

No. 17-7031
(D.C. No. 6:10-CV-000115-RAW)
(E.D. Okla.)

---

**RESPONSE IN OPPOSITION TO SUPPLEMENTAL FILING
FOLLOWING MARCH 5, 2018 CASE MANAGEMENT CONFERENCE**

Comes now, Plaintiff-Appellee, the United States of America, by and through undersigned counsel, and files this Response in Opposition to Appellant Fields's Supplemental Filing Following March 5, 2018 Case Management Conference.

During the case management conference, the Court invited the parties to file supplemental briefs concerning the viability of a claim that counsel ineffectively investigated the fate of a bottle of Effexor that the FBI recovered from Fields's truck on the day of his arrest.  On March 6, 2018, Fields made his Supplemental Filing.  Doc.01019954478 ("SB").   This response in opposition as follows.

An attorney is not required to investigate all leads or present all available mitigating evidence as long as the decision not to pursue a particular lead or

1

present particular evidence is reasonable under the circumstances. *See Smith v. Workman*, 550 F.3d 1258, 1270 (10th Cir. 2008). If counsel did not know of facts that would alert him or her to the need to conduct a particular investigation, a failure to investigate does not amount to deficient performance. *Alcala v. Woodford*, 334 F.3d 862, 893 (9th Cir. 2003).

The government agrees with Fields that the FBI recovered a bottle of Effexor from his truck and delivered it to the Muskogee County Jail. SB at 2. The government further agrees that the Muskogee County Jail maintained records of pharmaceutical distributions to Fields that include notations about Effexor. *Id.* Based on the notations in the jail records, Fields surmises that he received fourteen pills between July 19 and August 5, 2003. *Id.* In this regard, he goes too far.

The records upon which Fields relies are not a model of clarity. They contain 14 initials on lines denominated "Effexor 150 mg." Dist. Ct. Doc. No. 14-1 at 2 & 4. Interspersed among the initials are eight hash marks, which according to Fields, reflect the denial of tablets to him. *See* SB at 2. But Fields provides no basis in the record for his interpretation of the documents and gives no hint that any witness has ever explained the meaning of the symbols in the records. Fields further relies on his incomplete knowledge of the jail records to assert that this Court "must" conclude that sixteen pills before his arrest – the balance of the medicine under his interpretation of the facts.

2

Of course, the number of pills remaining in the bottle at the time of arrest provides no indication as to the fate of those missing, which may have been lost, sold, or given away.  Even if trial counsel could have concluded from this thin record that Fields ingested sixteen pills before arrest, they still would have had no evidence of the number he took before he committed the murders, the only relevant time period for purposes of determining the effectiveness of the defense investigation.  Fields has, moreover, failed to show that counsel knew of facts that should have alerted them to investigate the number of pills he took at the jail. Fields, more than anyone else, would have known how much Effexor he ingested before the murder, before his arrest, and before the jail exhausted the supply provided by the FBI.  Yet he provides no indication that he alerted counsel to any salient fact.

On this record, Fields has not shown any basis to conclude that defense counsel should have further investigated the record of pills distributed to him in jail or a reasonable likelihood that the alleged oversight impacted the outcome of his trial.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  Given the scant record, reasonable jurists would not debate the district court's denial of this claim, and – as a result – a certificate of appealability should not issue to permit further consideration of the issue.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## CONCLUSION

Based on the foregoing reasoning and authority, the government respectfully urges this Court to deny a certificate of appealability regarding the claim that trial counsel were ineffective for failing to investigate the recovery and distribution of Effexor pills found at the time of Fields's arrest.

Dated: March 7, 2018,

Respectfully submitted,

**BRIAN J. KUESTER**
United States Attorney
Eastern District of Oklahoma

*/S/ Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
520 Denison Ave
Muskogee, OK 74401
Telephone: (918) 684-5100
Fax: (918) 684-5150
chris.wilson@usdoj.gov

*/S/ Jeffrey B. Kahan*
JEFFREY B. KAHAN, PaBN #93199
Trial Attorney, Capital Case Section
U.S. Dept. of Justice
1331 F Street, NW; Rm. 656
Washington, DC 20530
Telephone: (202) 305-8910
Fax: (202) 353-9779
jeffrey.kahan@usdoj.gov

**CERTIFICATE OF SERVICE**

I, hereby certify that on March 7, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Cristi Charpentier, Attorney for Appellant
Katherine E. Ensler, Attorney for Appellant
David M. Osborne, Attorney for Appellant
Hunter Labovitz, Attorney for Appellant
Michael Wiseman, Attorney for Appellant
Renee Hurtig Edelman, Attorney for Appellant

*/S/ Jeffrey B. Kahan*
Trial Attorney

5