**FEDERAL COMMUNITY DEFENDER OFFICE
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

*Capital Habeas Unit*

FEDERAL COURT DIVISION – DEFENDER ASSOCIATION OF PHILADELPHIA

SUITE 545 WEST—THE CURTIS CENTER
601 WALNUT STREET
PHILADELPHIA, PA 19106

*LEIGH M. SKIPPER*
CHIEF FEDERAL DEFENDER

PHONE NUMBER     (215) 928–0520
FAX NUMBER     (215) 928–0826
FAX NUMBER     (215) 928–3508

*HELEN A. MARINO*
FIRST ASSISTANT FEDERAL DEFENDER

November 7, 2019

Elisabeth Shumaker, Clerk
The Byron White U.S. Courthouse
1823 Stout Street
Denver, Colorado 80257

Re:     *United States v. Fields* (10th Cir. Case no. 17–7031)

Dear Ms. Shumaker:

Appellant Edward Fields submits this letter to advise the Court of a decision of the Sixth Circuit Court of Appeals, *United States v. Acosta*, 924 F.3d 288 (6th Cir. 2019), which was decided after briefing was completed in this case. The opinion supports Appellant's claim that trial counsel ineffectively failed to object to the prosecutor's improper appeal to religion in closing arguments. *See* Appellant's Brief, Claim III.

Appellee argues in response to Claim III that trial counsel had no duty to object because the prosecutor's remarks were not improper. According to Appellee, the prosecutor made "at most, a reference to a religious text[,] but no effort to premise the imposition of punishment on a religious teaching." Appellee Brief, 76. However, courts have recognized that religious arguments in a capital case create an inference that death is mandated by a higher authority, whether or not the prosecutor expressly makes the link for the jury. *See* Reply Brief, 36–37. This is particularly true where the religious reference is otherwise irrelevant to the case. *Id.*

While not a capital case, *Acosta* supports the principle that otherwise irrelevant religious arguments presumptively intend to arouse the "passions and prejudices" of the jury against the defendant. 924 F.3d at 305. In that case, the prosecutor cross–examined the defendant about whether he prayed to a saint thought to protect drug dealers and then referenced the Ten Commandments during closing argument. The Sixth Circuit granted a new trial, stressing that it could find "no nonprejudicial explanation" for the argument. *Id.*; *see also id.* (defendant's "adherence or nonadherence to a Commandment had nothing to do with" the charges).

Here, the prosecutor retold an otherwise irrelevant, lengthy story in which God ordains the death of a pagan king after "weighing" him and then asked the jurors to make the same judgment after "weighing" Mr. Fields. As in *Acosta*, there can be "no nonprejudicial explanation" for this argument; it was an improper appeal to religion, and trial counsel was ineffective for failing to object.

Respectfully submitted,

/s/ Hunter Labovitz
HUNTER LABOVITZ
PA Bar No. 204760
Federal Community Defender Office
 for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928–0520

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I, Hunter Labovitz, hereby certify on this 7th day of November, 2019, that I electronically transmitted the foregoing document to the Clerk of Court using the Court's electronic case filing system.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Christopher J. Wilson, Attorney for Respondent
Jeffrey B. Kahan, Attorney for Respondent

/s/ Hunter Labovitz
HUNTER LABOVITZ

## CERTIFICATE OF DIGITAL SUBMISSION

I, Hunter Labovitz, hereby certify:
- all required privacy redactions have been made;
- that with the exception of those redactions, every document submitted in digital form or scanned PDF format is an exact copy of the written document filed with the Clerk;
- that the ECF submission was scanned for viruses using McAfee Endpoint Security 10.5, updated continuously, and according to the program is free of viruses.

/s/ Hunter Labovitz
HUNTER LABOVITZ